# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAFAEL R.M.,[1]

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX,

Respondent.

Case No. 1:26-cv-03677-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED**

(Doc. 1)

TEN (10) DAY DEADLINE

Rafael R.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court has previously addressed the issues raised by the petition. *See R.M. v. Warden, Golden State Annex Detention Facility*, 1:26-cv-00902-JLT-SKO (March 24, 2026) (Doc. 15).

However, it has now been brought to the Court's attention that the Court's decision in Petitioner's prior petition was based on facts that were misrepresented by the government. (*See id.*). On July 10, 2026, the Court ordered Respondent to provide the Court with either (1) any documents or other evidence that Respondent was (a) arrested in Massachusetts and (b) received a bond hearing in Massachusetts OR (2) if no such evidence can be provided, a sworn affidavit explaining why the Government previously made materially inaccurate representations to the Court. (Doc. 19).

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

On July 17, 2026, Assistant United States Attorney Anthony Andrews filed a sworn affidavit stating: (1) "It was not until after undersigned counsel filed the motion to dismiss in this case . . ., that he learned [that the bond order relied upon in both the prior habeas proceeding and this proceeding] had an administrative error in that the order was intended for a different noncitizen but was addressed and issued to Petitioner," and (2) th[e] information (that Petitioner had been found to be a danger) was erroneous." (Doc. 20 at 3). Additionally, the undersigned observes that while not expressly addressed in the affidavit, Respondent did not produce any evidence that Respondent was arrested in Massachusetts as previously represented, (*see* Doc. 12 at 2). Finally the Court observes that Petitioner alleged that the records relied on by the government were mistaken in both cases, (*see* Doc. 1 at 3; 1:26-cv-00902, Doc. 12 at 2 ("On March 6, 2026, Rafael Rodrigues Macedo indicated to the undersigned via phone that he has never been arrested in the United States nor has he ever been given a bond hearing. . . . Rafael Rodrigues Macedo, indicates that he has never had a detention hearing in Massachusetts nor has he ever been arrested for domestic violence. It is unclear why there is a domestic violence arrest in the bond hearing record."), but it was not until this Court ordered Respondent *in a subsequent action* to produce evidence of the arrest or prior bond hearing that Respondent corrected the record before the Court. Indeed, prior to this Court's order, Respondent went so far as to dismiss Petitioner's allegations of misstatements as "bald assertions." (Doc. 12 at 2).[2]

The undersigned finds that these misrepresentations were material to the resolution of Petitioner's prior petition. In that case, the assigned magistrate judge's findings and recommendations, (1:26-cv-00902, Doc. 13), which were adopted in full by the Court, (*id.*, Doc. 15), found that "[i]t was undisputed that the bond hearing was held before an Immigration Judge, and the IJ concluded Petitioner posed a risk of danger to the public." (*id.*, Doc. 13 at 7). Those findings and recommendations also included a finding that "there is evidence of an ongoing criminal case alleging battery on a spouse." (*Id.*, Doc. 13 at 1). These findings were based on the erroneous representations repeatedly made by the government. (*See* Doc. 20).

[2] The undersigned finds that judicial resources have been wasted based on a reliance on facts and records that do not exist. There is simply no excuse for the government not to have timely taken steps to correct the record upon being put on notice of Plaintiff's sworn allegations that the record had been misstated.

Therefore, the undersigned will reevaluate Petitioner's claims anew. Mirroring the Court's approach in resolving Petitioner's first petition, (Doc. 13 at 6–8), the undersigned will reweigh the *Mathew*'s factors considering the corrections of the record. The undersigned finds as follows: (1) Petitioner has a liberty interest in their freedom from detention, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); (2) there is a clear and specific risk of erroneous deprivation in the present case, *see Fuenmayor Rodriguez v. Noem*, No. 2:26-CV-00673-LK, 2026 WL 799363, at *6 (W.D. Wash. Mar. 23, 2026) ("The risk of erroneous deprivation is exacerbated here because the government's records appear inconsistent."); *cf. Thomas v. Cnty. of Humboldt*, No. 23-15847, 2024 WL 5242613, at *2 (9th Cir. Dec. 30, 2024) (finding that mere allegations of "a slew of procedural irregularities" and "alleged deficiencies" were "likely to result in erroneous deprivation"); and (3) the government has a minimal interest in re-detaining Petitioner without a hearing, *see Doe v. Becerra*, No. 2:25-cv-00647-DJC-DMC, 2025 WL 691664, at *6 (E.D. Cal. March 3, 2025).

Further, the undersigned finds that "law and justice require[s]" more than simply ordering a bond hearing here. *See* 28 U.S.C. § 2243 (instructing courts to dispose of habeas petitions "as law and justice require"). There is no evidence before the Court that Respondents have given Petitioner a *constitutionally adequate* bond hearing in the eight months that Petitioner has been detained and after this Court ordered one be held four months ago.[3] Further, the undersigned finds that in light of Respondent's material misstatements of the record in multiple habeas cases brought by Petitioner, the undersigned has reason to have less confidence in Respondent's representations regarding their authority to detain Petitioner and the adequacy of Petitioner's April 1, 2026 bond hearing.

In light of these findings and after consideration of "law and justice," the undersigned will recommend that Petitioner be immediately released and that Respondents be enjoined from re-

[3] The undersigned observes that there is a two-page record reflecting that a bond hearing did occur on April 1, 2026 in response to the Court's prior order, (*see* Doc. 12 at 5), but there is no evidence that that hearing was not tainted by Respondent's misstatements of the record. This is in spite of the fact that Respondent was ordered "to provide the Court (1) a complete transcript or audio recording of the April 1, 2026 hearing before the immigration judge and (2) any other materials related to the immigration judge's written order **by no later than July 17, 2026.**" No such transcript or audio recording was timely provided to the Court. (*See* Docket).

detaining Petitioner without a pre-detention hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.

**RECOMMENDATION**

Accordingly, the undersigned hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that their physical custody is legally justified. The undersigned further recommends that an exception be made to the injunction in the event an order of removal becomes final.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of

the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 20, 2026**

UNITED STATES MAGISTRATE JUDGE