**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RAFAEL R.M.,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX,

Respondent.

Case No. 1:26-cv-03677-JLT-EGC (HC)

(A File: 221-345-951)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. 1)

Rafael R.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 20, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the Petition and that Respondent be ordered to immediately release Petitioner. (Doc. 1). The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (*Id.* at 4). Respondent filed timely objections on date. (Doc. 22).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case including Respondent's objections. Having carefully reviewed the matter, the Court agrees with the recommendation of the magistrate judge. On the current record, Petitioner is entitled to habeas relief because his procedural due process rights have been violated. *See Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025)

(granting preliminary injunction and ordering immediate release where Petitioner had no criminal record and where there had been no change of circumstances warranting a finding of flight risk or danger to the community).

In the interest of delivering Petitioner expedient relief, and on the current record, the Court declines to find bad faith on the part of the assigned Assistant United States Attorney. Thus, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
2. Respondents **SHALL IMMEDIATELY RELEASE** Petitioner on the same terms and conditions that applied to him prior to his re-detention.
3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[1]
4. The Clerk of Court is directed to transmit a copy of this Order to the Central Valley Annex Detention Facility.
5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: July 29, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.